## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Mark Anthony Robinson,**

       **Plaintiffs,**

**v.**                                                   **Case No. 08-2645-JWL**

**United Parcel Service, Inc. et al.,**

       **Defendants.**

### MEMORANDUM & ORDER

Plaintiff, appearing pro se, filed suit against defendant United Parcel Service, Inc. and various individual defendants alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. This matter is presently before the court on the individual defendants' motion to dismiss plaintiff's complaint (doc. 23) pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that they, as individuals, simply cannot be held liable to plaintiff for alleged violations of Title VII or the ADEA. For the reasons set forth below, the motion is granted.

Title VII makes it unlawful for an "employer" to "refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e-2(a)(1). Similarly, the ADEA makes it unlawful for an "employer" to discriminate on the basis of age. *See* 29 U.S.C. § 623(a). Thus, the individual defendants are subject to liability under these statutes only if, at the time of the alleged

discrimination, they meet the statutory definition of "employer," to wit: "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." *See Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 205 (1997) (quoting 42 U.S.C. § 2000e(b)); *see also* 29 U.S.C. § 630(b) (substantially the same definition under ADEA).

It is well settled in the Tenth Circuit that individuals are not "employers" for purposes of Title VII, *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) (Title VII liability is appropriately borne by employers, not individual supervisors). Moreover, although it has not directly addressed the issue, the Circuit has clearly suggested that the same result necessarily would obtain under the ADEA. *See Butler*, 172 F.3d at 744. Simply put, *Haynes* and *Butler* mandate the dismissal of plaintiff's claims against the individual defendants in this case. To the extent, then, that plaintiff suggests in response to the motion to dismiss that his complaint would be able to survive the motion to dismiss if he had the assistance of a lawyer in responding to the motion, plaintiff's complaint, in fact, would fare no better even with the assistance of a lawyer because the law is settled: A plaintiff simply cannot name individuals as defendants in a Title VII or ADEA suit. Thus, if plaintiff had had an attorney help him file his complaint, that attorney, in all likelihood, would not have named any individuals as defendants and would have named only UPS as the defendant. Thus, the court, by granting the individual defendants' motion to dismiss the complaint (and leaving UPS as the sole defendant), is simply placing plaintiff in the position he would have been in had an attorney helped him file his complaint.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the individual defendants' motion to dismiss plaintiff's complaint (doc. 23) is granted.

**IT IS SO ORDERED.**

Dated this 2nd day of April, 2009, at Kansas City, Kansas.

                                            s/ John W. Lungstrum
                                            John W. Lungstrum
                                            United States District Judge